UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SOTO,

                                                CIVIL ACTION NO. 04-70966

                    Plaintiff,

                                                DISTRICT JUDGE ARTHUR J. TARNOW

v.

                                                MAGISTRATE JUDGE DONALD A. SCHEER

NORMAN MINETA,

                    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**:

        I recommend that Defendant's Motion for a Partial Dismissal or, in the Alternative,

Motion for Partial Summary Judgment be granted.  I recommend that Counts 7 and 13, and

so much of Count 6 as is based upon paragraphs 149 through 154, inclusive, of the

Complaint be dismissed for lack of jurisdiction.  I further recommend that Count 14 of the

First Amended Complaint be dismissed based upon plaintiff's failure to exhaust his

administrative remedies.

**II.   REPORT**:

        **A.    Procedural History**

        Plaintiff's Complaint in case number 04-70966 was filed on March 16, 2004.

Defendant's Answer was filed May 14, 2004.  On the same date, defendant filed a Motion

for Partial Dismissal of the Complaint.  Plaintiff filed no response to the motion, which was

granted by reason of such default in an Order of August 4, 2004.

        On October 4, 2004, the court issued notice to the parties of a Scheduling

Conference on October 18, 2004.  Plaintiff's counsel failed to appear.  On October 26,

2004, plaintiff was ordered to show cause in writing why his case should not be dismissed for failure to prosecute.

On January 19, 2005, substitute counsel appeared on behalf of the plaintiff.  A written response to the court's Show Cause Order was filed.  Thereafter, on January 26, 2005, the case was referred to the magistrate judge for all pretrial proceedings.  On February 2, 2005, the appearance of substitute co-counsel for plaintiff was filed.

Following a status conference on March 30, 2005, the magistrate judge issued a Scheduling Order.  Plaintiff filed a timely Motion for Reconsideration of the court's August 4, 2004 Dismissal Order.  Defendant filed his response to the motion on April 26, 2005.  On July 14, 2005, the magistrate judge granted the motion and reinstated the dismissed counts.  On the same date, the Scheduling Order was amended.

On July 19, 2005, defendant filed the instant Motion to Dismiss or, in the Alternative, Motion for Partial Summary Judgment relating to Counts 6, 7, 13 and 14.  Plaintiff filed his response on August 8, 2005.  The motion was brought on for hearing on September 7, 2005.

The Complaint in this case was filed 34 days after the court denied plaintiff's attempt to pursue the claims in issue here by way of a Third Motion to Amend Complaint in an earlier case, No. 01-71244.  The original Complaint in case No. 01-71244 was filed on March 30, 2001.  Defendant's Answer and Affirmative Defenses were filed on August 6, 2001.  On December 5, 2001, the district judge ordered plaintiff to show cause why the case should not be dismissed for lack of prosecution.  On December 19, 2001, plaintiff filed his showing of cause, together with a Motion to Amend the Complaint.  By Orders of December 27, 2001, the court permitted plaintiff to maintain his action, and granted the

2

Motion to Amend.  The First Amended Complaint was received for filing on the same date. Defendant's Answer was filed on March 5, 2002.

On April 8, 2002, the court entered a Scheduling Order containing a September 15, 2002 discovery cutoff date and a November 15, 2002 motion deadline.  Discovery motion practice and several status conferences followed.  On November 7, 2002, the Scheduling Order was amended, and discovery was extended to May 1, 2003.  The deadline for filing motions was extended to July 1, 2003.

Defendant filed a timely Motion for Summary Judgment on June 30, 2003.  On September 5, 2003, plaintiff filed a Second Motion to Amend his Complaint.  That motion was referred to the magistrate judge.  Defendant filed his response to the Second Motion to Amend on September 18, 2003.  The motion was set for hearing on October 21, 2003, but was adjourned to November 20, 2003.  On that date, plaintiff's counsel communicated to the magistrate judge by letter that the Second Motion to Amend Complaint was withdrawn because additional amendments were contemplated.  An Order deeming the motion withdrawn was entered on November 21, 2003.

On November 26, 2003, plaintiff filed a Third Motion to Amend Complaint. Defendant's response was filed on December 5, 2003.  The motion was referred to the magistrate judge on the same date, and was ultimately brought on for hearing on February 10, 2004.  Following the hearing, the magistrate judge entered an Order denying the

3

requested amendment.[1]  The Complaint in this case was filed 34 days later, on March 16, 2004.

### B.    Applicable Law and Standard of Review

A motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) is an assertion that the federal district court lacks subject matter jurisdiction over the action before it.  Fed.R.Civ.P. 12(h)(3) provides that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party.  The district court must weigh the merits of what is presented on a Rule 12(b)(1) motion to dismiss, and decide the question of subject matter jurisdiction.  "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at the trial."  Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1350.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief may be granted.  In assessing a motion to dismiss, the court "must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to

---

[1] On March 19, 2004, the district judge granted Defendant's Motion for Summary Judgment, based upon plaintiff's failure to respond.  A Judgment for the defendant was entered on the same date.  On March 21, 2005, substitute counsel appeared on plaintiff's behalf, and a Motion to Vacate the Judgment was filed.  Defendant filed a response to the motion on April 1, 2005, and an Amended Response on April 4, 2005.  Plaintiff filed a Reply Brief on April 11, 2005.

relief." Allard v. Weitzman, (In Re: DeLorean Motor Company), 991 F.2d 1236, 1239-40 (6th Cir. 1993) (citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990)); see also, Conley v. Gibson, 355 U.S. 41 (1957). "A Complaint need not set down in detail all the particularities of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996) (citations omitted).

Summary Judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). After an adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. See, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding a Motion for Summary Judgment, the court must view the evidence and draw "all justifiable inference" in favor of the non-moving party. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once this burden is met, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Matsushita, 475 U.S. at 587.

5

2:04-cv-70966-AJT-DAS   Doc # 29   Filed 09/26/05   Pg 6 of 18   Pg ID 582

C.   <u>Factual History</u>

Plaintiff, Joseph Soto, is an employee of the Federal Aviation Administration (FAA), Flight Standards Division.  He is assigned to the Flight Standards Division Office (FSDO) in Belleville, Michigan.  Plaintiff filed his Complaint in this cause on March 16, 2004, alleging 14 separate claims against the defendant for alleged violations of his rights under Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991.  At the time  this action was filed, plaintiff was also pursuing ten additional employment discrimination claims against the defendant by way of an Amended Complaint in cause No. 01-71244, which had been pending since March 30, 2001.

On March 2, 2003, plaintiff was demoted from the position of Supervisory Aviation Inspector, FV-1825-K to the position of Aviation Safety Inspector, FG-1825-13/6.  The demotion was based upon eleven specifications of misconduct.  (Defendant's Exhibit 1). Six of the specifications were for conduct unbecoming an FAA supervisor.  Four specifications involved borrowing money from his subordinates, and one specification involved plaintiff's failure to properly request leave.  Mr. Soto challenged his demotion by filing a mixed case appeal with the Merit Systems Protection Board ("MSPB").  Following a hearing, an MSPB Administrative Judge affirmed the demotion and determined that plaintiff was not subject to a hostile work environment, discrimination based on national origin or retaliation.  (Defendant's Exhibit 2).

The MSPB's initial decision contained instructions concerning plaintiff's right to file a case in Federal Court.  Soto was instructed that he could file a civil complaint within thirty calendar days after the date the decision became final.  (Defendant's Exhibit 2, page 60). The initial decision was issued on September 30, 2003.  By error, the decision omitted an

6

advisement as to when it would become final.  That oversight was corrected by the issuance of an erratum on October 6, 2003, stating that the initial decision would become final on November 4, 2003.  (Defendant's Exhibit 3).

Rather than filing a new civil action, plaintiff attempted to challenge the MSPB decision by way of a Third Motion to Amend his Complaint in Case No. 01-71244.  The motion was filed November 26, 2003.  That case had been pending for nearly three years. The discovery cut-off date and the motion deadline had passed, and defendant had filed an unanswered Motion for Summary Judgment nearly five months earlier.  Defendant filed its brief in opposition to the Motion to Amend on December 5, 2003.  The motion was referred to the magistrate judge, and was ultimately denied after a hearing on February 10, 2004.

Plaintiff did not appeal the magistrate judge's denial of his Third Motion to Amend the Complaint in cause No. 01-71244 to the district court judge.  Rather, he initiated this action on March 16, 2004, thirty-four days after his Motion to Amend was denied.  Of the fourteen separate counts alleging discriminatory or retaliatory conduct, three (Counts 6, 7 and 13) relate to the March 2003 demotion.

On May 28, 2003, the FAA advertised vacancy announcement AGL-FS-03-0071-69660 for FSDO Manager for the Detroit FSDO.  Plaintiff applied for the position.  On September 23, 2003, Efrain Arroyo was selected for the position.  Plaintiff contacted an Equal Employment Opportunity Counselor on October 1, 2003, alleging that he had been denied the promotion in retaliation for his previous EEO activities.  (Defendant's Exhibit 4, page 2).  On October 30, 2003, plaintiff received a Notice of Final Interview which advised him of his right to file an administrative complaint of discrimination within fifteen calendar

days after receipt of the Notice.  (Defendant's Exhibit 4, page 3).  Plaintiff filed his complaint on November 20, 2003, six days after the deadline had passed.  In a final agency decision on December 16, 2003, his administrative complaint was dismissed as untimely. (Defendant's Exhibit 4).  Count 14 in the instant action asserts claims of discrimination, hostile work environment and retaliation based upon the above described events. Defendant asserts in his motion that Count 14 should be dismissed because plaintiff failed to exhaust his administrative remedies.

      **D.**    **Analysis**

          **1.**    **Counts 6, 7 and 13**

The MSPB's initial decision, dated September 30, 2003, notified plaintiff in writing that he had the right to seek judicial review of the decision within 30 days of the date upon which it became final.  Although the initial decision omitted the final effective date, that error was corrected by a supplemental notice on October 6, 2003.  Thus, plaintiff had more than two months (until December 4, 2003) to exercise his right to file a civil action challenging the MSPB action.

At the time the MSPB's initial decision issued, plaintiff had 10 separate civil rights claims pending against the defendant in civil action 01-71244.  That case had been pending for nearly three years, and plaintiff had already been granted leave to amend his Complaint. An extended period of discovery had expired five months earlier and the deadline for filing motions expired on July 1, 2003.  Defendant had filed a timely Motion for Summary Judgment on June 30, 2003, three months prior to the issuance of the MSPB decision at issue on the instant motion.  Plaintiff had utterly failed to respond to that motion.  He had,

8

however, on September 18, 2003, filed a Motion for Leave to File a Second Amended Complaint, in an effort to add several entirely new claims to the 10 already at issue. Defendant had promptly and strenuously opposed the Motion to Amend, pointing out in its September 18, 2003 brief that plaintiff had the right to file a separate action. The defendant further noted in his brief, that plaintiff's attorney had assured defense counsel and the court, during a pre-trial conference on November 7, 2002, that he would assert any new claims in a separate case. Plaintiff did not respond to the defense arguments, but did abandon his motion on the day it was set for hearing. Although she had not responded to defendant's five month old Motion for Summary Judgment, plaintiff's attorney advised the magistrate judge by letter that she would be filing a Motion for Leave to File a Third Amended Complaint, to add still more claims to the old action.

On November 26, 2003, eight days prior to the expiration of plaintiff's right to file a civil action challenging the MSPB decision, his counsel filed a Third Motion to Amend Complaint in Case No. 01-71244. The scheduling Order entered by the court on November 7, 2002 established a deadline of July 1, 2003 for filing motions. Plaintiff's Third Motion to Amend Complaint was filed long after that deadline, and after defendant had filed a timely (and unanswered) dispositive motion. "Once the scheduling order's deadline passes, a plaintiff must first show good cause under Rule 16(b) for failure to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." Leary v. Daeschner, 349 F.3d 888 (6th Cir. 2003). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failure to move earlier." Wade v. Knoxville Utilities Board, 259 F.3d 452, 459 (6th Cir. 2001). Plaintiff failed to meet his burden. The new claims which he sought to add by amendment were distinct and

unrelated to those which were already at issue.  There was no justification for holding the resolution of the matured claims in abeyance while discovery was re-opened on new allegations.  "Allowing amendment of a complaint after the close of discovery creates significant prejudice."  Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 833 (6th Cir. 1999). A district court does not abuse its discretion in denying a motion to amend a complaint where the plaintiff delays the filing of the motion until after discovery and dispositive motion deadlines had expired.  Id.  Plaintiff's motion was denied and he filed his Complaint in the instant action 34 days later, and 102 days after the applicable deadline.

The United States Court of Appeals for the Sixth Circuit has held that compliance with the 30 day limitations period for filing a discrimination complaint is a jurisdictional prerequisite to judicial review of Merit Systems Protection Board decisions.  Hilliard v. U.S. Postal Service, 814 F.2d 325 (6th Cir. 1987).  In 1990, the United States Supreme Court, in Erwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), held that the doctrine of equitable tolling presumptively applies to actions against the federal government, unless Congress provides otherwise.  In Dean v. Veterans Administration Regional Office, 943 F.2d 667 (6th Cir. 1991), the Sixth Circuit held that 5 U.S.C. §7703(b)(2) reflects congressional intent to override the general policy annunciated in 42 U.S.C. §2000e-16(c), which the Erwin decision had determined was subject to equitable tolling.  Accordingly, the court decided that Erwin did not overrule Hilliard.  That proposition has been recognized to be the law in this circuit in at least two subsequent decisions.  See, Glarner v. U.S.

10

Department of Veterans Administration, 30 F.3d 697, 701 (6th Cir. 1994); Johnson v. United States Postal Service, 64 F.3d 233, 238 (6th Cir. 1995).

Even if the Doctrine of Equitable Estoppel was applicable to Section 7703(b)(2), I am satisfied that equity would not favor the plaintiff in this instance.  He had timely and actual notice of the MSPB decision, and of his right to file an action two months before the deadline passed.  Nonetheless, his counsel elected to forego the filing of a new action in favor of an attempt to press this new cause of action (and several others) by way of a Third Amended Complaint in a three year old action, long after discovery had closed and the defendant had filed a Motion for Summary Judgment.  That tactic was adopted in an effort to forestall disposition of the ten longstanding and fully ripened claims, so as to improve plaintiff's prospects for a "global" settlement.  Fed.R.Civ.P. 15(a) clearly requires leave of court for an amendment of a complaint so late in a case.  Defendant, as much as plaintiff, was entitled to "the just, speedy and inexpensive determination" of the claims against it in Case No. 01-71244.   Fed.R.Civ.P. 1.  Defendant's Motion for Summary Judgment had been filed five months prior to plaintiff's third Motion to Amend, and had not been addressed by plaintiff.  In light of plaintiff's clear and unfettered right to assert his new claims in a separate action, and his counsel's failure to deny the government's assertion that she had assured the court that no new claims would be filed in the Case No. 01-71244, the magistrate judge found that justice did not require the granting of leave to amend.  I remain persuaded that the decision was correct.  The ripened claims in the 2001 case were based on events which had occurred years earlier.  The passage of time tends to diminish the capacity of litigants to present claims and defenses, due to the loss of witnesses and/or the normal decay of memory.  The claims asserted in the earlier action were discrete and

11

distinct from those which plaintiff sought to insert by amendment. It was unnecessary for plaintiff to join all of his claims in a single action, where the effect would be to deprive defendant of a timely decision on ripened claims. Plaintiff's Motion to Amend was merely a tactic designed to avoid responding to defendant's Motion for Summary Judgment on the ten mature counts, and to hold them hostage in order to strengthen his negotiating position. I am persuaded that plaintiff's attorney knowingly elected to take a dangerous, and unwise, tactical risk.

Plaintiff also argues that he should be relieved of the burden of his choice because his Third Motion to Amend the Complaint in the 2001 action was not denied until the deadline for filing a new action had passed. I find this argument unpersuasive as well. As stated above, plaintiff received clear written notice of his absolute right to file a lawsuit challenging the MSPB decision more than two months before the deadline passed. His Third Motion to Amend Complaint was filed on November 26, 2003, only eight days prior to the deadline. Pursuant to E.D. Mich. LR 7.1(d)(2)(B) defendant was entitled to 14 days to file an opposition brief. It would have been improper for the court to rule on the motion without allowing a timely response. Defendant filed his response brief on December 5, 2003, well within the time allowed, but after the statutory time limit for the filing of a lawsuit had passed. Thus, by reason of plaintiff's late filing of his third request for amendment, the court was deprived of the opportunity to rule on the request within the filing deadline imposed by Section 7703(b)(2).

The court was under no obligation to question plaintiff's counsel's tactical judgment, or to advise a different course of action. If plaintiff had complied with Local Rule 7.1(a), he would have been aware of the defendant's opposition to amending the Complaint before

12

his motion was filed, and within sufficient time to file a separate lawsuit on the new claims. In fact, plaintiff had actual notice of the defendant's opposition to amendment, by reason of the defense brief filed in response to his Second Motion to Amend Complaint in the same case.  In that opposition brief, the defendant set out not only his substantive arguments against amendment, but his assertion that plaintiff's counsel had assured the court at the November 7, 2002 status conference that plaintiff would not seek to add new claims to the 2001 case.  In spite of the defendant's clear opposition to amendment, and plaintiff's counsel's assurance that no further amendment would be sought, plaintiff eschewed a certain right to seek relief in favor of a risky tactical gambit intended to deprive the defense of an opportunity to resolve old claims and to increase plaintiff's leverage in settlement negotiations.  That his gambit was unsuccessful is not the fault of the court or the defendant, and I see no equitable basis for relieving plaintiff of the burden of his attorney's tactical choice.

## 2. <u>Count 14</u>

Defendant maintains that Count 14 should be dismissed due to plaintiff's failure to exhaust his administrative remedies.  It is well settled that the right to bring an employment discrimination lawsuit in federal court is predicated upon the timely exhaustion of administrative remedies.  <u>Brown v. GSA</u>, 425 U.S. 820, 832 (1976); <u>Beneford v. Frank</u>, 943 F.2d 609, 612 (6th Cir. 1991).   In this case, plaintiff was required to file a formal administrative complaint of discrimination within 15 days of the date he received the Notice of Final Interview from the EEO Counselor.  29 C.F.R. §1614.105(a).

It is undisputed that Mr. Soto received a written memorandum from EEO Counselor Gary D. Wilson which advised him of his right to file a discrimination complaint by mail with

the Regional Director of the Department of Transportation within 15 days after his receipt of the notice. (See Exhibit 4 to Defendant's Motion for a Partial Dismissal or Partial Summary Judgment). A copy of the Complaint of Discrimination in the federal government form was provided. Id. The form is a two page document which calls for ten items of basic information readily available to plaintiff. Plaintiff acknowledges that he received his notice and complaint form on October 30, 2003. Accordingly, the deadline for filing his complaint was November 14, 2003.

In a handwritten notation on a copy of the facsimile transmittal cover sheet associated with the October 30, 2003 notice, Soto declared that he received the notice on October 30th and left on November 1st for 15 days to China for work. In an e-mail message of November 20, 2003, at 9:16 a.m., plaintiff again acknowledged that he received his notice on October 30, 2003, but stated that he left the following morning for a 15 day trip to China. The November 20, 2003 message indicates that it was accompanied by plaintiff's formal complaint form to be processed by the defendant agency. The form itself, however, reflects that it was signed by plaintiff on November 17, 2003, after the filing deadline.[2]

Defendant's Motion for Partial Dismissal is supported by a five page sworn declaration, dated May 14, 2004, by Judy S. Allen, Regional Director of the Department of Transportation, Department Office of Civil Rights. The declaration confirms the facts set

_____

[2] The form complaint completed by plaintiff appears to bear a stamp showing receipt on November 24, 2003 at 9:24 a.m. (See Exhibit 4b and 4c to Defendant's Motion for Partial Dismissal or for Partial Summary Judgment). For purposes of timeliness, however, the submission date of November 20, 2003 is determinative.

out above.  Allen further declares that a complaint is deemed filed when it is received or postmarked before the expiration of the applicable filing period.  29 C.F.R. §1614.605(e).  EEOC regulations require dismissal of claims that fail to comply with the time limits contained in 29 C.F.R. §1614.106(b), unless the agency extends the time limit in accordance with 29 C.F.R. §1614.604(c).  Id.

The Allen affidavit reflects that she received an e-mail message from Mr. Soto requesting an extension of time to file his EEO complaint of discrimination on November 20, 2003.  Plaintiff's communication recited that he had received the Notice of Final Interview on October 30, 2003, that he had left for China the following day, and that he had attempted unsuccessfully to call Allen's office.  The affidavit further reflects that plaintiff's formal complaint was deemed filed November 20, 2003, six days after the expiration of the time limit.  The complaint was reviewed by her office and dismissed because it was not filed within the applicable time limit.

The Allen affidavit declares that she determined that equitable relief was not justified in this case.  She avers that Mr. Soto's request for an extension was denied because he failed to offer sufficient justification to warrant an extension of the limit.  Allen correctly observes that plaintiff could have mailed the complaint from China, and that it would have been timely filed if it was postmarked before the expiration of the deadline.  Plaintiff never offered evidence that he was prevented from mailing the complaint during his time out of the country.

Plaintiff opposes Defendant's Motion for Partial Dismissal, but offers no evidence justifying his failure to mail in a simple two page form (or a written request for extension of the deadline) within the statutory time limit.  Soto merely argues that defendant has "offered

no evidence to establish when the complaint was postmarked, which clearly predated the date of filing on November 20, 2003." (Plaintiff's Brief, page 7). Soto further argues that defendant has offered no evidence that it would be prejudiced by the application of equitable estoppel to the claims sought to be asserted in Count 14. Id. I find the arguments unpersuasive.

Defendant did offer evidence, in the form of Allen's Affidavit and exhibits consisting of copies of the pertinent documents, that plaintiff transmitted his signed formal complaint form to the agency with his cover letter on November 20, 2003. The agency quite correctly accepted the e-mail transmission date as the time of filing. The complaint itself reflects that it was signed and dated by Soto on November 17, 2003. It is beyond question that it could not have been submitted ("filed") prior to that time, which was already beyond the deadline.

Having filed his complaint out of time, it was incumbent upon Soto to demonstrate a factual basis upon which to grant relief from the deadline. His written submissions fail to do so. Furthermore, his counsel at oral argument was unable to proffer any factual justification for Soto's failure to complete a simple, two page, hand written, fill-in-the-blanks form within the 15 day limit. Accordingly, I find that he has provided neither the agency nor the court with sufficient grounds to deny defendant's motion.

For all of the above reasons, I recommend that Defendant's Motion for a Partial Dismissal or, in the Alternative, Motion for Partial Summary Judgment be granted.

## III.   **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file

specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: September 26, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 26, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 26, 2005.  **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217

18